IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH L. F.[1]<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>　Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-506 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Plaintiff Elizabeth F. appeals the denial of her application for disability and disability insurance benefits (DIB) under the Social Security Act. *See* 42 U.S.C. 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth herein, Plaintiff's arguments on appeal fail. The court, therefore, affirms the Commissioner's decision.[2]

## PROCEDURAL BACKGROUND

　　　　Plaintiff applied for DIB in 2020 and was 38 years old in January 2019 when she claims disability due to a schizoaffective discover, back and neck pain, and seizures. (R. 228.) Plaintiff's application was denied initially and upon reconsideration. (R. 89-91.) On December 10, 2021, Plaintiff testified at a hearing held on her application before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled.

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit.

Plaintiff appealed the adverse ruling, and the Appeals Council denied Plaintiff's appeal, making the ALJ's decision final for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then filed the current complaint seeking review of the Commissioner's final decision. (ECF No. 6.)

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax,* 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek,* 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

Plaintiff argues the ALJ erred: (1) by relying on the vocational expert's (VE) testimony because there was an apparent conflict between the occupations identified and the limitations outlined by the ALJ in the RFC; and (2) by not properly considering that a probationary training period for starting a job would exceed Plaintiff's mental RFC of occasionally interacting with coworkers. The court is not persuaded by either argument, and therefore, finding substantial evidence, the court affirms the Commissioner's decision.

I.  There was no Conflicts Between the VE's Testimony and the DOT

Plaintiff asserts that the ALJ erred by failing to resolve an apparent conflict between the VE testimony and the DOT by finding Plaintiff could perform jobs with a reasoning level 2 in contrast to the determined RFC.

A limited shift in the burden of production to the Commissioner occurs at step five of the sequential evaluation process. To support a finding of non-disability at step five, the Commissioner is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors." 20 C.F.R. § 404.1560(c)(2). In satisfying this burden an ALJ may rely on VE testimony. *See Heckler v. Campbell*, 461 U.S. 458, 461-65, 103 S.Ct. 1952, 1954-56 (1983). At step five an "ALJ must: (1) fulfill the 'affirmative responsibility' to ask the VE about any possible conflicts between the VE's testimony and the DOT; (2) identify and obtain a reasonable explanation for any such conflicts; and (3) explain in the decision how any such conflicts were resolved."

*Troy T. v. Kijakazi*, No. 2:21-CV-00419-JCB, 2022 WL 1239911, at *5 (D. Utah Apr. 26, 2022) (quoting SSR 00-4p, 2000 WL 1898704, at *2-4 (Dec. 4, 2000)); *see also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("We hold merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

At the administrative hearing, the ALJ asked the VE about a hypothetical individual with Plaintiff's age, education, work experience, and RFC. This includes limitations to light, simple, unskilled work, with occasional interaction with co-workers, supervisors, and the general public. (R. 65-66.) The VE testified that such an individual could perform other light, unskilled jobs including a Router Clerk, Marker, and Package sorter. After identifying the approximate number of jobs available in the national economy for each job, the VE testified that the testimony was "consistent with information found in the DOT." (R. 69.) In his decision, the ALJ then considered the VE's testimony in finding it "consistent with the information contained in the Dictionary of Occupational Titles." (R. 36.)

Plaintiff takes issue with the ALJ's reliance on the VE's testimony arguing a conflict exists. Specifically, Plaintiff contends there is a conflict between Plaintiff's RFC limitation to "simple, unskilled work" (R. 32.) and the VE's testimony that Plaintiff can perform the identified jobs, which the DOT describes as having a GED reasoning level of 2. A GED reasoning level 2 requires that an individual can "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situation." Appendix

4

C - Components of the Definition Trailer, 1991 WL 688702. Plaintiff argues that a GED reasoning level 2 exceeds the limitation to simple work.

The ALJ limited Plaintiff to simple, unskilled work. This limitation has been found to be consistent with GED reasoning level 2. *See Stokes v. Astrue*, 274 F. App'x 675, 684, 2008 WL 1766788, at *8 (10th Cir. 2008) (rejecting the plaintiff's argument that "the ALJ's limitation to simple, repetitive, and routine work should be construed as a limitation to jobs with a reasoning-level rating of one" (citing *Hackett v. Barnhart,* 395 F.3d 1168, 1176 (10th Cir. 2005); *Hackett,* 395 F.3d at 1176 (providing that a limitation to " 'simple and routine work tasks' " "appears more consistent" with a GED reasoning level 2 (citation omitted); *Marilyn M. v. Berryhill*, No. 1:17-CV-00063-PMW, 2018 WL 4376306, at *3 (D. Utah Sept. 13, 2018) ("[T]he Tenth Circuit has held that a reasoning level of two is consistent with an RFC limitation to simple and routine work tasks.") (citing *Stokes* and *Hackett*): *Reynolds v. Berryhill*, No. 2:16-CV-01210-BCW, 2018 WL 1276809, at *6 (D. Utah Mar. 9, 2018) ("The Tenth Circuit has repeatedly held that reasoning level two is consistent with an RFC limitation to simple tasks." (citing *Stokes* and *Hackett*); *see also*, *Melissa H. v. Kijakazi,* No. 1:21-CV-00141-DBP, 2022 WL 4381158, at *4 (D. Utah Sept. 22, 2022) ("The Tenth Circuit has repeatedly held that reasoning level two is consistent with an RFC limitation to simple tasks, which is essentially what the RFC was in this case.").

The court finds there is no conflict with respect to the identified jobs and a GED reasoning level of 2. Plaintiff's attempts to distinguish the prior cases by arguing the term "simple duties" is indistinguishable from simple instructions. Unlike the cases cited to by Plaintiff, the ALJ here had no limitation to simple instructions. *See Gallegos v. Saul*, No.

1:19-cv-819 LF, 2020 WL 3639735, at *3 (D.N.M. July 6, 2020) (limiting the plaintiff to "simple one to two step instructions") *Dugan v. Berryhill*, 2018 WL 1400448, at *5. (limiting to "short, simple instructions and work tasks"). Rather, the limitation here was to "simple, unskilled work." This court has already rejected a similar argument holding that a limitation to simple tasks, rather than simple instructions, is consistent with level-two reasoning. *See Troy T.*, 2022 WL 1239911, at *6. Moreover, Plaintiff offers no support for her argument that an additional restriction in cognition, as noted by the ALJ, is indicative of requiring reasoning above a GED reasoning level of 2. Thus, there was no inconsistency for the ALJ to resolve and no error requiring remand.

## II. The ALJ's Limitation to Occasional Contact Does Not Preclude a Probationary Training Period

As part of Plaintiff's RFC, the ALJ found that Plaintiff had mental limits and medication effects, which limited Plaintiff to only occasionally interacting with co-workers, supervisors, and the general public. (R. 32.) Plaintiff alleges it is unclear how she could learn any of the jobs identified by the VE if "she would be unable to interact with her supervisor more than occasionally." (ECF No. 24 p. 12.) In essence, the jobs identified by the VE cannot be performed by Plaintiff because she could not complete a probationary period of employment without more than occasional contact. In support Plaintiff cites to a case out of the Second Circuit, *Sczepanski v. Saul*, 946 F.3d 152 (2nd Cir. 2020). In *Sczepanski* the Second Circuit held that the "ability to complete a probationary period is … tantamount to the ability to keep a job, and as multiple circuits have recognized, the ability to keep a job is a necessary prerequisite to the ability to

engage in substantial gainful activity." *Id.* at 159. The court is not persuaded by this case or Plaintiff's argument.

As noted by the court in *Sczepanski*, "[i]t appears that no court of appeals has addressed whether the ability to complete a probationary period is relevant to a claimant's disability status." *Id.* at 158. And here, the parties agree that the Tenth Circuit has yet to weigh in on this issue. Although *Sczepanski* is non-binding authority on this court and the court need not follow it, there are important distinctions between it and the case at bar.

In *Sczepanski*, the ALJ determined that the RFC included a limitation of being able to miss up to one day of work per month, which specifically called into question whether that claimant could complete a probationary period of employment. There is no such limitation here. There is also no evidence before the court regarding the necessity of a probationary period of employment for the identified jobs. Plaintiff argues it is required; however, she offers little support for that premise other than a few secondary sources that provide "many" private and public sector employees must complete a probationary period. In addition, under the regulations, occasionally "means occurring from very little up to one-third of the time." Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10, 1983-1991 Soc. Sec. Rep. Serv. 24, 1983 WL 31251, at *5 (S.S.A. 1983). A third of a typical workday, or 2.67 hours as identified by the Commissioner, would provide sufficient time to interact with a supervisor during any probationary period. Finally, the court shares a concern expressed by another district court that "under Plaintiff's theory, every single time an individual is limited to superficial interactions with others, the result would require an

7

ALJ to determine that the claimant is entitled to benefits since training for a job necessarily involves more than superficial interaction with others." *Wright v. Comm'r of Soc. Sec.*, No. 1:12CV1103, 2013 WL 3873947, at *3 (N.D. Ohio July 25, 2013). Such a result is untenable and runs counter "with the basic purpose of the Social Security Act: aiding the very needy." *Tsosie v. Califano,* 651 F.2d 719, 723 (10th Cir. 1981). Although the Act must be construed liberally, this does "not require that disability benefits must be awarded whenever there is a subjective showing that [someone] cannot work because [they] hurt[]." *Dvorak v. Celebrezze*, 345 F.2d 894, 897 (10th Cir. 1965). The court is not persuaded that a limitation to "occasionally" would preclude all probationary periods of employment, even if such a period was required for the jobs at issue here. Thus, Plaintiff's argument fails.

## CONCLUSION AND ORDER

In sum, the ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, for the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 13 June 2023.

_____
Dustin B. Pead
United States Magistrate Judge